UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JUANA MOREL, ELIZABETH SIMMONS,
PAMELA THOMAS, NORMA CITRON, on
their own behalf and on behalf of
all others similarly situated,

                        Plaintiffs,

              -against-

ROBERT DOAR, as Commissioner of
the New York City Department of
Social Services; and ELIZABETH BERLIN,
as Executive Deputy Commissioner of the New York
State Office of Temporary and Disability Assistance,

                      Defendants.
------------------------------------------------------------- X

**STIPULATION AND
ORDER OF
SETTLEMENT**

94 CIV. 4415 (JFK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12-20-12_

WHEREAS, this action was brought pursuant to 42 U.S.C. § 1983, alleging that the

defendants were not timely providing "Aid Continuing" to the plaintiffs and the plaintiff class as

required by federal and state law; and

WHEREAS, on January 4, 1995, this Court certified a class defined as:

> All residents of New York City who have received or will receive
> AFDC, Food Stamp or Home Relief benefits who have requested,
> are requesting, or will request a fair hearing in response to an
> action by the City agency to discontinue, suspend, reduce, or
> restrict benefits and are entitled to Aid Continuing; and

WHEREAS, on January 4, 1995, this Court issued a Decision and Order granting

plaintiffs' motion for a preliminary injunction and directing defendants, *inter alia*, to (1) provide

Aid Continuing benefits within two weeks to all named plaintiffs who had not yet been provided

with Aid Continuing; (2) provide Aid Continuing benefits to informal intervenors; (3) take every

measure to timely comply with the applicable mandates for the provision of Aid Continuing

benefits; and (4) restrain redeployment or reduction of staff necessary for the provision of Aid Continuing pending Court approval of a report addressing with specificity and substance the methods by which the City agency will rectify its failure to provide Aid Continuing on a timely basis; and

WHEREAS, on March 15, 1996, this Court entered an order modifying the preliminary injunction to the extent that, *inter alia*, the stay of the defendants' redeployment and reduction of staff was vacated and the defendants were directed to process timely fair hearings requested, direct Aid Continuing, and implement Aid Continuing pursuant to Principles of Agreement negotiated and agreed to by the parties with the assistance of a Special Master; and

WHEREAS, when this litigation was commenced in 1994, the New York State Department of Social Services (the NYSDSS) was the State agency that supervised the local social services districts' administration of the public assistance and food stamp programs (see N.Y. Soc. Serv. Law §§ 2(1), 20, and 34) and effective April 1, 1997, the NYSDSS was reorganized as the New York State Department of Family Assistance, consisting of two independent offices -- the Office of Temporary and Disability Assistance and the Office of Children and Family Services. N.Y. Laws of 1997, Chapter 436, § 122(a). The New York State Office of Temporary and Disability Assistance is the successor State agency to the NYSDSS in this litigation. Pursuant to Federal Rule of Civil Procedure 25(d), Elizabeth R. Berlin, Executive Deputy Commissioner of the New York State Office of Temporary and Disability Assistance (the State defendant), is substituted for Brian Wing, and Robert Doar, the Commissioner of the New York City Department of Social Services (the City defendant), is substituted for Marva Hammons. Pursuant to Federal Rules of Civil Procedure 23(3) and 41(a)(1)(A)(ii), Rudolph W. Giuliani, as Mayor of the City of New York, is dismissed as a defendant.

- 2 -

WHEREAS, since the entry of the preliminary injunction, computerized changes have been made by the State defendant, including the adoption and implementation of the "clockdown extension," which has the effect of extending, by up to three additional days after the effective date appearing on the notice of adverse action, the period during which a timely fair hearing request can hit the interface, which is the period during which a timely fair hearing request and Aid Continuing Directive can be implemented without human intervention through the passing of an electronic file to State defendant's Welfare Management System (WMS) or any successor system, (the "interface"); and

WHEREAS, since the entry of the preliminary injunction, the availability of alternative methods to submit hearing requests have been developed by the State defendant so that recipients (and applicants) are now able to request fair hearings by several methods: (a) mail; (b) facsimile; (c) via the Internet; (d) telephone (both live for all requests, and by voicemail for Client Notice System (CNS) notice-related requests); and (e) in person at the State defendant's fair hearing location in downtown Brooklyn; and

WHEREAS, since the entry of the preliminary injunction, the notices issued to recipients advising them of adverse actions are increasingly being made through the CNS, which pulls information from WMS, increasing the number of adverse action notices eligible to hit the interface. More than eighty percent of all fair hearing requests that are the subject of this litigation now involve CNS notice-based actions; and

WHEREAS, since the entry of the preliminary injunction, changes have been made in the State defendant's Fair Hearing Information System (FHIS), allowing the State defendant to communicate Aid Continuing directives directly to City defendant's New York City Work, Accountability and You (NYCWAY) computer system via overnight file transfer, establishing

- 3 -

the groundwork for the City defendant's development of an automated monitoring proposal; and

WHEREAS, any reference to the Food Stamp Program in this Stipulation and Order shall mean the Supplemental Nutrition Assistance Program (SNAP) and any reference to Food Stamp benefits or Food Stamps shall mean SNAP benefits; and

WHEREAS, the City defendant, which previously used a case-based computer system for Aid Continuing, has created, with the cooperation of the State defendant, a City database for Aid Continuing, that is issue-based, as is the State defendant's data, for the specific purpose of enabling the creation of a joint State-City monthly monitoring report to be used in the settlement in this action ("Joint Morel Monitoring Report"); and

WHEREAS, the City defendant has created and implemented, in conjunction with the new database, a data entry system for its workers who implement Aid Continuing (in those cases where this is not done automatically by the interface), which provides detailed information, as requested by the plaintiffs, for the specific purpose of the monitoring that will be performed as part of the settlement in this action; and

WHEREAS, the defendants deny all wrongdoing alleged in this action and deny any liability whatsoever to the plaintiffs, and whereas the defendants assert that they have meritorious defenses; and

WHEREAS, nothing in this Stipulation and Order of Settlement (Stipulation and Order) shall be deemed to be a finding or an admission that the defendants have in any manner violated plaintiffs' rights as contained in the constitutions, statutes, ordinances, rules and regulations of the United States, the State of New York or the City of New York; and

WHEREAS, the parties believe that the best interests of the class will be advanced by the settlement of this action; and

- 4 -

WHEREAS, the parties desire to settle this action on terms and conditions just and fair to all parties; it is hereby ORDERED ON CONSENT:

## I.    DEFINITIONS

1.          The following definitions apply in this Stipulation and Order:

a.    "Agency Notified Date": the date on which the City defendant receives the State defendant's Aid Continuing Directive.

b.    "Aid Continuing": The restoration or continuation of Family Assistance, Safety Net Assistance, and/or Food Stamps pending the State decision after fair hearing, after a timely fair hearing request has been made by a recipient of such benefits (appellant) to contest the City defendant's proposed discontinuance, suspension, restriction, or reduction of Family Assistance, Safety Net Assistance, and/or food stamps.

c     "Aid Continuing Directive": a directive, issued by the State defendant in response to a timely request for a fair hearing, instructing the City defendant that the challenged action and/or adverse action notice that is the subject of the fair hearing request shall not be implemented pending issuance by the State defendant of a decision after fair hearing, and excluding any subsequent supplemental or amended issue(s) related thereto.

d.    "Adverse Action": a discontinuance, suspension, restriction, or reduction in Family Assistance, Safety Net Assistance, and/or Food Stamp benefits.

e.    "Approval Date": the date that Aid Continuing was approved by the State defendant and such approval was transmitted to the City defendant.

f.    "CNS": the State defendant's computerized Client Notice System.

g.    "Effective Date": the date printed on the Notice of Adverse Action before which a recipient of Family Assistance, Safety Net Assistance and/or Food Stamp benefits must request a fair hearing to be eligible for Aid Continuing as provided for by 18 N.Y.C.R.R. §358-3.6.

h.    "Fair Hearing Issue": any fair hearing issue that appears on the Joint Morel Monitoring Report in the format contained in annexed Exhibit A to this Stipulation and Order.

i.    "Family Assistance": the program defined by N.Y. Soc. Serv. Law §§ 343-60 and any successor program.

- 5 -

j.      "FHIS": the State defendant's computerized Fair Hearing Information System.

k.      "OAH": the State defendant's Office of Administrative Hearings.

l.      "Request Date": the date that a fair hearing request is made, including the date the request is postmarked if the request is via the United States Postal Service or the date the request is placed in the custody of an overnight delivery service. Overnight delivery service means any delivery service that regularly accepts items for overnight delivery to any address in the state.

m.      "Safety Net Assistance": the program defined by N.Y. Soc. Serv. Law §§ 157-65 and any successor program.

n.      "WMS": the State defendant's computerized Welfare Management System.

## II.    CLASS CERTIFICATION

2.      The previously certified class definition shall be modified to read as follows:

All residents of New York City who have requested, or will timely

request during the term of this Stipulation and Order, a fair hearing

in response to an action by the City defendant to discontinue,

suspend, restrict, or reduce Family Assistance, Safety Net

Assistance, and/or Food Stamp benefits and are otherwise entitled

to Aid Continuing.

## III.    STATE RESPONSIBILITIES

3.      Class members may request a fair hearing either by: (1) mailing a request to the

OAH in Albany, New York; (2) telephoning the OAH at the telephone number designated by the

State defendant; (3) requesting a fair hearing in person at the OAH office in New York City; (4)

sending a request by facsimile to the OAH office in Albany; or (5) making a request on-line at

the OAH web page; or (6) by any other means that the State defendant may implement during the term of this Stipulation and Order.

4.        For those requested fair hearing issues in which the contemplated Adverse Action appealed from is identified as a discontinuance or other automated reduction of Family Assistance, Safety Net Assistance, and/or Food Stamps initiated by:

> (a) a CNS notice or a non-CNS, City automated notice that includes a notice recoupment tracking identification number (RTI number) or other identification number captured by the interface or otherwise automatically processed by the City defendant; and

> (b) the State defendant can confirm that the request involves a CNS notice with a valid CNS notice number or non-CNS, City automated notice that includes an RTI number or other notice identification number captured by the interface;

the State defendant shall, within three (3) business days (exclusive of weekends and State holidays) of receipt of the request, where Aid Continuing is deemed appropriate by the State defendant, direct Aid Continuing by electronically transmitting an Aid Continuing Directive to the City defendant and, where practicable, automatically direct WMS, through the interface, to not implement the adverse action.

5.        For all other requested fair hearing issues, within three (3) business days (exclusive of weekends and State holidays) of receipt of the request, the State defendant shall determine whether Aid Continuing is appropriate (unless the Appellant expressly states that s/he does not wish Aid Continuing), and, if Aid Continuing is deemed appropriate, shall direct Aid Continuing by electronically transmitting an Aid Continuing Directive to the City defendant.

## IV.  CITY RESPONSIBILITIES

- 7 -

6.          The City defendant shall implement the State defendant's Aid Continuing Directives, as identified by the State defendant in the Joint Morel Monitoring Report, within five (5) business days of the Agency Notified Date, exclusive of Saturdays, Sundays, and City holidays.

7.          The City defendant shall provide a mechanism pursuant to which plaintiffs' counsel may bring to its attention individual and isolated instances in which Aid Continuing has not been implemented within the time period set forth above in paragraph 6 of this Stipulation and Order. For any class member brought to the attention of the City defendant pursuant to this mechanism, the City defendant shall implement the Aid Continuing Directive within five (5) business days (exclusive of Saturdays, Sundays, and City holidays) of receipt of written notification furnished by the plaintiffs' counsel in accordance with this mechanism and notify the plaintiffs' counsel promptly upon implementation.

## V.    MONITORING

### A.    State Monitoring

8.          On a monthly basis (commencing with data for the first full calendar month after the effective date of this Stipulation and Order as defined in Paragraph 12 of this Stipulation and Order), the State defendant shall provide City defendant and plaintiffs' counsel with the Joint Morel Monitoring Report containing information in columns A through P of the Joint Morel Monitoring Report Format annexed hereto as Exhibit A, showing the length of time from class members' requests for a fair hearing to the State defendant's approvals and transmittals of Aid Continuing Directives to the City defendant. This report shall identify requests received in the reporting month for which the State defendant has issued an Aid Continuing Directive and, for each Fair Hearing Issue, shall identify:

- 8 -

a. the class member's name;

b. the class member's Family Assistance, Safety Net Assistance, or Food Stamp case number, if available:

c. the Fair Hearing number(s), the issue code(s) and the State defendant's action code(s) assigned to the fair hearing request;

d. if available, the Job Center, Food Stamp Center or other site where the adverse action originated, specifying the site by agency code;

e. the notice date, if available, the CNS notice number or non-CNS, City automated notice RTI or other notice identification number captured by the interface, if applicable, and the effective date;

f. the request date of the hearing and the request source code (letter, fax, telephone, walk-in, or Internet-based request);

g. the date that Aid Continuing was approved and transmitted (approval date), and the number of business days elapsed from request to approval;

h. the Agency Notified Date; and

i. whether the fair hearing issue is calculated by the State defendant to have made the interface.

## B. City Monitoring

9. On a monthly basis (commencing with data for the first full calendar month after the effective date of this Stipulation and Order), the City defendant shall provide plaintiffs' counsel with a Joint Morel Monitoring Report; for each line on which "N" appears in State Column P – "Interface", the City defendant shall complete Columns Q through V of the Joint Morel Monitoring Report Format (Exhibit A), in accordance with the Morel Monitoring Report Legend ("Legend") prepared by City defendant, annexed hereto as Exhibit B.

## VI. JURISDICTION OF THE COURT

10. Plaintiffs agree that for the duration of this Stipulation and Order, they shall not impose nor seek to have imposed any additional systemic obligations upon any defendant with

respect to the Aid Continuing issues that were the subject of this action, except as a remedy should the plaintiffs establish their entitlement to such a remedy in connection with a motion to enforce the Stipulation and Order (made in accordance with paragraph 13 of this Stipulation and Order), or with the written consent of the parties.

11.      Dismissal of the action shall be in conformity with the following paragraphs.

a.      This Court shall retain jurisdiction over this Stipulation and Order for thirty (30) months for the purpose of modification and enforcement, except as set forth in sub-paragraphs "b," "c," "e" and "f." At the end of this period, this Stipulation and Order shall cease to have any effect except as provided in accordance with sub-paragraph "b".

b.      The plaintiffs shall have sixty (60) days to review the Joint Morel Monitoring Report to determine if the defendants have complied with the obligations set forth in paragraphs 4 and 5 for ninety (90%) percent of the combined total of the relevant issues, and with the obligations set forth in paragraph 6 for ninety-five (95%) percent of the relevant issues for a total of twenty-seven (27) months during the thirty (30) month term of this Stipulation and Order. The jurisdiction of this Court shall terminate for all purposes and the Court shall dismiss this cause of action retroactive to the last day of the twenty-seventh (27th) month that the defendants have complied with the obligations set forth in paragraphs 4 and 5 for ninety (90%) percent of the combined total of the relevant issues and with the obligations set forth in paragraph 6 for ninety-five (95%) percent of the relevant issues for a total of twenty-seven (27) months. However, if, at the conclusion of the thirty (30) month period, any defendant(s) has not complied with the terms of this Stipulation and Order, the plaintiffs shall have the option of:

i.      Restoring this matter to the calendar for litigation against the non-complying defendant or defendants.

ii.      With the concurrence of the defendants, modifying the terms of this Stipulation and Order; or

iii.      Having the jurisdiction of the Court terminate and having this matter dismissed as to all the defendants on the sixtieth (60th) day following the receipt by the plaintiffs' counsel of the monitoring report specified in paragraphs 8 -

- 10 -

9 of this Stipulation and Order for the thirtieth (30th) month without prejudice to the plaintiffs' right to commence a new action.

Nothing in this paragraph "b" shall be construed to be a limitation on a new agreed-upon Order following the expiration of this Stipulation and Order.

c.        The failure of the plaintiffs to select any option in paragraph "b" and so notify the defendants on or before the sixtieth (60th) day following the receipt by the plaintiffs' counsel of the report(s) specified in the monitoring sections for the thirtieth (30th) month shall result in the termination of the jurisdiction of the Court and dismissal of the action as to all the defendants retroactive to the thirtieth (30th) month.

d.        For purposes of paragraphs 11 and 13 of this Stipulation and Order, the percent of compliance for the calendar month shall be calculated in the following manner:

i.        Paragraphs 4 and 5 - the combined total number of fair hearing issues for paragraphs 4 and 5 as identified in the Joint Morel Monitoring Report, divided into the combined sum of those fair hearing issues in which (1) the State defendant issues an Aid Continuing Directive within three (3) business days or (2) the State defendant does not issue the directive within three (3) business days but the appellant suffers no interruption in benefits because the directive hits the interface as identified in the Joint Morel Monitoring Report column "P" and column "Q(a)." For purposes of calculating the percentage, the denominator shall not include any issue for which the State defendant does not issue the Aid Continuing Directive within three (3) business days, but the appellant suffers no interruption in benefits because (a) no action was required by the City defendant as identified in the Joint Morel Monitoring Report in the City defendant's column "Q(b)-(g),"; or (b) action was required by the City defendant, but no interruption was experienced as identified in the Joint Morel Monitoring Report in the City defendant's column "R."

ii.        Paragraph 6 - the total number of issues in which Aid Continuing was directed as identified by the State defendant in the Joint Morel Monitoring Report, divided into the sum of (a) those issues that hit the interface and are identified by the State defendant in the Joint Morel Monitoring Report column P as "Y" issues, and (b) those issues where action was required by the City defendant to implement the Aid Continuing Directive and an

- 11 -

interruption was experienced by the appellant, as identified on the Joint Morel Monitoring Report in the City defendant's column "S," but the City defendant's action implemented Aid Continuing as directed by the State defendant within five (5) business days (exclusive of Saturdays, Sundays, and City holidays) after receipt of the State defendant's Aid Continuing Directive and (c) those issues identified on the Joint Morel Monitoring Report in the City defendant's column "Q" as issues in which no action was required or column "R" as issues in which no interruption was experienced.

e.    In any month(s) in which the defendant(s)' performance under paragraphs 4, 5, or 6 of this Stipulation and Order is affected by computer malfunctions, natural disasters, terrorist attacks or other similar circumstances beyond the defendant(s)' control (Force Majeure), the defendant(s)' non-complying performance for such month(s) shall be disregarded for the purposes of determining the defendant(s)' compliance pursuant to this paragraph, but the terms of this Stipulation and Order and the Court's jurisdiction to enforce it, shall be automatically extended by an equal number of additional month(s) as against the defendant asserting a Force Majeure.

If any Force Majeure event occurs that causes or may cause one or more defendant(s) to invoke paragraph 11(e) of this Stipulation and Order, defendant(s) shall, as soon as practicable (but in no event later than fourteen (14) days after the defendant(s) knew, or should have known, of such event) notify the plaintiffs' counsel, in writing.    In such notification, defendant(s) shall report the anticipated length of the disruption, the precise cause or causes of disruption, the measures taken and to be taken by defendant(s) to prevent or minimize the disruption, and the timetable by which those measures will be implemented.  Defendant(s) will adopt all reasonable measures to avoid or minimize any such disruption.

If plaintiffs agree that a disruption has been or will be caused entirely by circumstances beyond the control of defendant(s) or any of its employees, agents, contractors or consultants, and that defendant(s) and its employees, agents, contractors and consultants could not, despite the exercise of their best efforts, have foreseen or prevented such violation, the time for performance of such requirement shall be extended for a period not to exceed the actual disruption resulting from such circumstance.  In the event plaintiffs do not agree, defendant(s) may submit the matter to this Court for resolution.  If defendant(s) submit the matter to the Court for resolution and the Court determines that a violation was caused entirely by Force Majeure circumstances beyond the control of the

- 12 -

defendant(s) or any employee, agent, contractor or consultant of the defendant(s), then the terms of this paragraph operate as to the jurisdiction of the Court.  If defendant(s) submit the matter to the Court for resolution and the Court determines that a violation was not caused entirely by Force Majeure, defendant(s) shall pay all costs and expenses incurred by the plaintiffs, including attorney's fees, incurred in responding to defendant(s)' petition to the court. Defendant(s) shall bear the burden of proving that any disruption or violation of any requirement of this stipulation and order of settlement was caused entirely by Force Majeure.  Defendant(s) shall also bear the burden of proving the duration and extent of any disruption or violation attributable to such circumstances.

f.     Notwithstanding any other provision of this Stipulation and Order, the plaintiffs shall have sixty (60) days to review the monitoring reports to determine if the City defendant has complied with the obligations set forth in paragraph 6 for ninety-seven (97%) percent of the relevant issues for a total of twenty-two (22) months in a twenty-four (24) month period. The jurisdiction of this Court shall terminate for all purposes and the Court shall dismiss this cause of action retroactive to the last day of the twenty-second (22nd) month.

## VII.   MISCELLANEOUS PROVISIONS

12.   (a)   The terms and conditions of this Stipulation and Order shall be deemed effective,

and the parties' obligations, rights and responsibilities hereunder shall commence,

only when:

1.   Approval by the Court of this Stipulation and Order, following notice to the Class and a hearing as prescribed by Fed. R. Civ. Pro. 23; and

2.   Entry by the Court of the order and final judgment; and

3.   The later of the following events: the date thirty (30) days after entry of an order and final judgment by the Court granting final approval to the Stipulation and Order, if there are no appeals; or, if there is an appeal of the Court's decision granting final approval, the day after all appeals are fully resolved in favor of final approval.

(b)   Upon the terms and conditions of this Stipulation and Order becoming effective,

as defined in paragraph 12(a) of this Stipulation and Order, the Preliminary Injunction entered

- 13 -

on January 4, 1995, as modified on March 15, 1996, shall be deemed dissolved and shall be replaced in all relevant parts by the Stipulation and Order.

13.        In the event that plaintiffs believe that the State defendant or the City defendant or both have not complied with the terms of this Stipulation and Order, the plaintiffs' counsel may move for enforcement of the Stipulation and Order against the asserted non-complying defendant(s) after attempting to remedy the violation through good faith discussions with the defendant or defendants. The plaintiffs' counsel shall provide all defendants' counsel with written notice of the nature and specifics of the claimed violations in order to give the claimed non-complying defendant or defendants an opportunity to cure such alleged violations, at least sixty (60) days before any enforcement motion is made, and shall meet and discuss with the defendant or defendants the claimed violations and possible solutions. The plaintiffs' counsel shall provide copies of any documents or data relied on by the plaintiffs' counsel that the plaintiffs' counsel obtained from sources other than the defendants.

14.        No provision of this Stipulation and Order shall infringe upon an individual's right to enforce his or her right to Aid Continuing in any State court pursuant to a New York Civil Practice Law and Rules Article 78 proceeding.

15.        Notwithstanding the provisions of this Stipulation and Order, the defendants reserve the right to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation and Order if required by intervening changes in federal statute or regulation or State statute inconsistent with this Stipulation and Order. The defendants shall provide plaintiffs' counsel written notification, by certified mail or by hand delivery with written acknowledgment of receipt, of a required change at least thirty (30) days prior to the commencement of implementation, unless the defendants are required to implement such a

- 14 -

required change in less than thirty (30) days. If the defendants are required to implement a required change in less than thirty (30) days, the defendants shall provide notice to the plaintiffs' counsel no later than seven (7) working days after learning of a required change. The plaintiffs may move to challenge whether the change is required by federal statute or regulations or state statute.

16.         Nothing contained in this Stipulation and Order shall limit the rights of the parties to agree to alter elements of the Joint Morel Monitoring Report Format and Legend (Exhibits A and B respectively) as needed during the term of this Stipulation and Order to maintain or improve the accuracy or applicability thereof.

17.         The plaintiffs and the plaintiffs' counsel agree to maintain for all time the confidentiality of all confidential information, as provided for in N.Y. Soc. Serv. Law § 136 and 18 N.Y.C.R.R. § 357.1, obtained by them in the course of this litigation and during the term of the Stipulation and Order, and shall not disclose such information to any individual, other than defendants and any individual whose case is involved, except to the extent necessary in any proceeding brought before any court to enforce any right under this Stipulation and Order. Nothing in this paragraph shall preclude any person from utilizing, for any purpose, any non-confidential information obtained by the plaintiffs in the course of this litigation and during the term of this Stipulation and Order.

18.         This Stipulation and Order is solely for the purposes of settlement, and does not reflect the positions of the parties in any other judicial or administrative action or proceeding. This Stipulation and Order shall not be admissible in, nor is it related to, any other judicial or administrative action or proceeding or settlement negotiations, except that any party may use this

- 15 -

Stipulation and Order in connection with any subsequent action or proceeding pertaining to the Order.

19.         Unless as otherwise stated herein, notices must be provided by electronic mail and United States Postal Service mail, and Joint Morel Monitoring Reports will be provided by electronic mail only.

## VIII.   ATTORNEY'S FEES

20.         State defendant agrees to pay the sum of $400,260.00 to counsel for plaintiffs for attorneys' fees, costs, and disbursements in or arising from this action

21.         City defendant agrees to pay the sum of $400,260.00 to counsel for plaintiffs for attorneys' fees, costs, and disbursements in or arising from this action.

22.         Payments of the amounts set forth in paragraphs 20 and 21 of this Stipulation and Order shall be accepted in full settlement of any claims for attorneys' fees, costs, and disbursements that plaintiffs or the Class, as defined in paragraph 2 of this Stipulation and Order, may have incurred against the defendants in connection with this action up to the effective date of this Stipulation and Order set forth in paragraph 12 of this Stipulation and Order.

23.         Payment pursuant to paragraph 20 of this Stipulation and Order by State defendant is subject to the approval of all appropriate New York State officials, in accordance with N.Y. Public Officers Law § 17.  In the event such approval is denied, counsel for State defendant shall notify plaintiffs' counsel within five business days of the disapproval.  In the event of such disapproval, plaintiffs shall have ninety days from such notice within which to make a motion seeking from the State defendant attorneys' fees, costs, and disbursements.

24.         Plaintiffs' right to seek fees for any work after the effective date of this Stipulation and Order set forth in paragraph 12 is limited to reasonable fees totaling no more than

- 16 -

$100,000 over the full term of the Stipulation and Order, to be paid in equal shares by the State and City defendants, except that this limitation shall not apply to any time spent on a successful enforcement motion. However, if the City defendant satisfies the requirements of paragraph 11(f) of this Stipulation and Order, the City defendant is not responsible for paying for work performed after its dismissal. In any event, the State defendant is not responsible for paying more than $50,000 over the full term of the Stipulation and Order.

25.        Payment of the amounts set forth in paragraphs 20 and 21 of this Stipulation and Order shall be made by checks issued to the National Center for Law and Economic Justice, Inc., at the address set forth at the end of this Stipulation and Order. In the event that the payments described in paragraphs 20 and 21 of this Stipulation and Order are not made within one hundred twenty (120) days of the effective date of this Stipulation and Order set forth in paragraph 12, interest shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. Nothing herein shall preclude plaintiffs or their counsel from moving to compel payment in the event that the payments are not made within said 120-day period.

Dated: New York, New York

> NATIONAL CENTER FOR LAW AND ECONOMIC
> JUSTICE, INC.
> 275 Seventh Avenue, Suite 1205
> New York, NY 10001-6708
> (212) 633-6967
> By:
>
> _____
> MARC COHAN

Dated: New York, New York        Steven Banks
                                 Attorney in Charge
                                 The Legal Aid Society

- 17 -

Adrienne Holder
Attorney in Charge
Civil Practice
Judith Goldiner
Attorney in Charge
Civil Law Reform Unit
199 Water Street
New York, NY 10038
212.577.3332

By:

JUDITH GOLDINER

Emily Ruben
Attorney in Charge
Lester Helfman, Staff Attorney
Brooklyn Neighborhood Office
111 Livingston Street
Brooklyn, NY 11201
718 422 2732

By:

LESTER HELFMAN

Dated: New York, New York

12/10/12

YISROEL SCHULMAN, ESQ. (YS 3107)
NEW YORK LEGAL ASSISTANCE GROUP
RANDAL S. JEFFREY, of Counsel (RSJ 3896)
7 Hanover Square, 18th
New York, New York 10004
Tel. (212) 613-5000

By:

RANDAL S. JEFFREY

Dated: New York, New York
12/10/12

MICHAEL A. CARDOZO
CORPORATION COUNSEL OF THE CITY OF NEW
YORK
Attorney for City Defendant
100 Church Street, Room 6C25
New York, New York 10007

- 18 -

(212) 788-0931

By: _____

MARILYN RICHTER
Assistant Corporation Counsel

Dated: New York, New York

ERIC T. SCHNEIDERMAN
Attorney General of the State Of New York
Attorney for State Defendant
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8648

By: _____

WILLIAM H. BRISTOW III
Assistant Attorney General

SO ORDERED:

Dated: New York, New York

December 20, 2012     _____

HON. JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE

- 19 -

**Joint Morel Monitoring Report Format ("Exhibit A")**

State Columns A-P                                                                                        City Columns Q-V

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R | S | T |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Agency Code | Request Source Code | Fair Hearing Number | Last Name | First Name | Case Number | Issue Code | Notice Date | Request Received Date | Effective Date | Agency Notified Date | Notice ID | Agency Action Code | Approval Date | Days to Approve | Interface | No Action Required | Action Required, No Interruption Experienced | Action Required, Interruption Experienced | Date Be... Interru... |

MOREL RUN

**<u>Morel</u> Monitoring Report Legend ("Exhibit B")**

State Columns A - P

| Col. | Heading | Description |
|------|---------|-------------|
| A | Agency Code | City defendant Job Center, Food Stamp Center or other site where the Adverse Action originated, specifying the site by agency code |
| B | Request Source Code | The form in which appellant's fair hearing request was received by State defendant and processed:<br>AE – Albany email<br>AF – Albany fax<br>AL – Albany letter<br>AT – Albany telephone<br>AV – Albany voicemail<br>AW – Albany walk-in<br>NE – NYC email<br>NF – NYC fax<br>NL – NYC letter<br>NT – NYC telephone<br>NV – NYC voicemail<br>NW – NYC walk-in |
| C | Fair Hearing Number | Fair hearing number assigned to the fair hearing request |
| D | Last Name | Last name of appellant requesting the fair hearing |
| E | First Name | First name of appellant requesting the fair hearing |
| F | Case Number | Appellant's Public Assistance/Food Stamp case number |
| G | Issue Code | Three digit code reflecting the issue to be heard at the fair hearing |
| H | Notice Date | Date of the notice of Adverse Action |
| I | Request Received Date | Date that fair hearing request is received by the OAH |

| J | Effective Date | Date printed on the notice of Adverse Action before which appellant must request a fair hearing to be eligible for Aid Continuing as provided for by 18 N.Y.C.R.R. § 358-3.6 |
|---|---|---|
| K | Agency Notified Date | Date upon which City defendant receives State defendant's Aid Continuing Directive |
| L | Notice ID | CNS notice number or non-CNS, City automated notice RTI, if applicable |
| M | Agency Action Code | Type of Adverse Action taken by City defendant<br>REDU = reduction<br>DISC = discontinuance |
| N | Approval Date | Date that Aid Continuing was approved by State defendant and such approval was transmitted to City defendant |
| O | Days to Approve | Number of business days between Request Received Date and Approval Date |
| P | Interface | Indicates whether the fair hearing request is calculated by State defendant to have made the interface<br>Y = yes<br>N = no |

City Columns Q - V

For each directive/line on the report completed by the City (lines where "N" appears in State Column P – "Interface"), Column Q, R, **or** S will be populated with one code (a – w).

| Col. | Heading | Description |
|---|---|---|
| Q | No Action Required | Implementation of Aid Continuing (AC) did not require any affirmative action by City defendant; column will be populated with one of the following codes a - g, indicating the reason no action was required and whether appellant continued to receive the benefits at issue:<br>a – AC implemented by Interface (benefits continued)<br>b – Adverse Action not pending or implemented (benefits continued)<br>c – intervening resolution – no further action required (benefits continued)<br>d – Food Stamp (FS) AC in Cash Assistance (CA) case with active Non-CA FS case (benefits continued on NCA FS case)<br>e– AC not implemented because of intervening Adverse Action (benefits not continued)<br>f – AC challenge upheld by OTDA (benefits not continued)<br>g – FS certification period expired (benefits not continued) |

R   Action Required, No Interruption Experienced   Implementation of AC required that action be taken by City defendant, but appellant did not experience any interruption in the benefits at issue; column will be populated with one of the following codes h - p, indicating the type of action required:
h – Adverse Action suspended
i - case reopened/no lost benefits
j – sanction lifted/no lost benefits
k – recoupment suspended/no lost benefits
l – child care reinstated prior to suspension date or after suspension with no interruption
m – FS extended
n – case restored to single-issue (SI) status to generate Temporary Housing Assistance (THA) shelter or hotel payments/no lost benefits
o – case rebudgeted/change in category of assistance/no lost benefits
p – case rebudgeted before Adverse Action takes effect/no lost benefits

S   Action Required, Interruption Experienced   Implementation of AC required that action be taken by City defendant, and appellant experienced an interruption in the benefits at issue; column will be populated with one of the following codes q - w, indicating the type of action required:
q – case reopened/lost benefits restored
r – sanction lifted/lost benefits restored
s - case rebudgeted/lost benefits restored
t - case supplemented/lost benefits restored
u – active recoupment suspended/lost benefits restored
v - child care reinstated after suspension/benefits interrupted
w – case placed in SI status to generate THA shelter or hotel payments/lost benefits restored

T   Date Benefits Interrupted   Date Adverse Action took effect; this column is populated only on lines where a code appears in Column S.

U   Restoration Date   Date AC is fully implemented (any and all retroactive and current benefits are available in WMS and action is completed to resume recurring issuance of prospective benefits); this column is only populated on lines where a code appears in Column S.

V   Work Days to Restoration (from Agency Notified Date)   Number of days (excluding weekends and City holidays) from date in State Column K ("Agency Notified Date") to date in City Column U; this column is only populated on lines where a code appears in Column S.